**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RMAIL LTD., ET AL., | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:11-CV-300-JRG |
| | § | |
| RIGHT SIGNATURE, LLC, ET AL., | § | |
| *Defendants.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

### I. Introduction

Before the Court is Defendants' Motion for More Definite Statement (Dkt. No. 16). On June 24. 2011, Plaintiffs sued Defendants alleging patent infringement of four United States Patents: 6,182,219 (the "'219 patent"); 6,571,334 (the "'334 patent"); 7,707,624 (the "'624 patent"); and 7,966,372 (the "'372 patent"). Defendants argue that allegations of infringement within the Plaintiffs' Complaint are so vague and ambiguous that a response cannot reasonably be prepared. The Defendants claim that such allegations are merely a recitation of the preamble of the broadest claim of each patent-in-suit and such does not comport with the pleading requirements of Federal Rule of Civil Procedure 8 ("Rule 8") as illustrated by Federal Rule of Civil Procedure Form 18 ("Form 18").

Plaintiffs argue that their Complaint satisfies the pleading requirements of Rule 8 by identifying the asserted patent, the infringing acts, and the accused products. Plaintiffs argue that Rule 8 does not require that the Complaint identify asserted claims, but rather, asserted claims are properly disclosed by complying with Patent Rule 3-1.

### II. Legal Standard

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e).

Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Circuit has noted that *Twombly* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007). In a patent case, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.* at 1357.

Form 18 contains a sample patent infringement complaint that complies with Rule 8. The Supreme Court's decision in *Twombly* did not address the adequacy of complying with Form 18. *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.,* 2010 U.S. Dist. LEXIS 62711, at *9 (E.D. Tex. Mar. 29, 2010). Form 18 merely requires a complaint identify the asserted patent and provide a general description of the accused product. *See* Fed. R. Civ. P. 84; Fed. R. Civ. P. Appendix of Forms, Form 18.

**III.   Analysis**

Below is a sampling from Plaintiffs' Complaint of their allegations of infringement as to one of the patents in suit. Plaintiffs essentially repeat a similar discussion of alleged infringement as to each of the patents-in-suit within the Complaint.

> Defendants have been and now are infringing the '219 patent … by making, using, importing, selling and/or offering for sell [sic] products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to Right Signature's Online Document Signing service and Farmers Group's and Farmers Insurance's eZsign service.

*See* Plaintiffs' Complaint, Dkt. No. 1 at ¶ 16.

As required by Form 18, Plaintiffs' Complaint includes alleged infringement of an asserted patent (i.e. "…have been and now are infringing the '219 patent…"), identifies the infringing acts (i.e. "…making, using, importing, selling and/or offering for sell [sic] products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient…"), and names the accused products (i.e. "…Right Signature's Online Document Signing service and Farmers

Group's and Farmers Insurance's eZsign service.")  The Court finds Plaintiffs' Complaint is sufficient to comply with Rule 8, and Plaintiffs are not required to identify specific claims or claim elements at this stage of the litigation.   Accordingly, the Court finds that within the context of this case, a more definite statement is not required under Federal Rule of Civil Procedure 12(e).

### IV.    Conclusion

The Court has considered Defendants' Motion for a More Definite Statement (Dkt. No. 16) and holds that there is no compelling basis upon which to grant the same.  Accordingly, such motion is DENIED.

**So ORDERED and SIGNED this 5th day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE